FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:52 pm, Nov 09, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:<br><br>KENNETH R. BURROWS<br><br>    Debtor | Chapter 13 Case<br>Number 08-11180 |
| KENNETH R. BURROWS<br><br>    Plaintiff<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee under the Pooling and Servicing Agreement dated as of November 1, 2005, GSAMP Trust 2005-HE5; LITTON LOAN SERVICING, LP; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for SOUTHSTAR FUNDING, LLC d/b/a CAPITAL HOME MORTGAGE<br><br>    Defendants | Adversary Proceeding<br>Number 11-01018 |

### ORDER

Before the Court is a Motion for Reconsideration filed by Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement dated as of November 1, 2005, GSAMP Trust 2005-HE5("Deutsche Bank"), Litton Loan Servicing, LP ("Litton"), and Mortgage Electronic Registration Systems, Inc., as Nominee for

Southstar Funding, LLC d/b/a Capital Home Mortgage ("MERS"). Collectively, Deutsche Bank, Litton and MERS are referred to as "Defendants." Defendants request reconsideration of the portion of the order that denied their Motion for Summary Judgment. After notice and an opportunity to respond, Kenneth R. Burrows ("Debtor") has not filed a response to the relief requested in the motion for reconsideration. This is a core proceeding pursuant to 28 U.S.C. §157(b) and the Court has jurisdiction under 28 U.S.C. §1334. For the following reasons, Defendants' motion is granted.

This Court's Order entered on August 29, 2011 ("Initial Order") stated the facts of this case in detail and those facts are incorporated by reference into this order. The Initial Order denied Defendants' summary judgment motion on one issue because the state court complaint was not included in the pleadings and I was unable to determine whether the filing of the state court action was consistent with the terms of the December 15, 2008 consent order granting relief from the stay and with the terms of the confirmed chapter 13 plan. Particularly, the Initial Order provided "if Defendants' action in Superior Court seeks only in rem relief against the Property, then the action is consistent with the authorization this Court granted Defendants." Order, p. 22, Dckt. No. 14.

Defendants filed the motion sub judice and attached a copy

2

of the Superior Court complaint asserting the complaint is an <u>in rem</u> action. On September 9, 2011, the Clerk for the Bankruptcy Court issued a notice giving Debtor 21 days to respond to Defendants' motion to reconsider and specifying, "If you do not timely respond to this Motion for Reconsideration, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you." Notice, Dckt. No. 17; <u>see also</u> S.D. Ga. L.R. 7.5. Debtor and Debtor's attorneys were served with the notice.[1] Debtor has not filed a reply.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c);[2] <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact.

---

[1] The notice initially was returned to the Clerk's office as undeliverable as to Debtor. However, the notice was re-served on September 13, 2011 to Debtor's corrected address. Dckt. No. 19.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure is applicable in bankruptcy adversary proceedings.

3

AO 72A
(Rev. 8/82)

Celotex, 477 U.S. at 323 (internal quotations omitted). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985) (citation omitted), cert. denied, 475 U.S. 1107 (1986). "However, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Polite v. Georgia Heritage Fed. Credit Union, 2010 WL 1169734 *2 (S.D. Ga. March 24, 2010). "A mere 'scintilla' of evidence, or simply conclusory allegations, will not suffice. Id.

In the current case, Debtor has not opposed Defendants' motion. See Simpson & Creasy, P.C. v. Cont'l Cas. Co., 770 F. Supp. 2d 1351 (S.D. Ga. 2011)(a failure to reply results in the motion being considered as unopposed). Furthermore, after reviewing the state court complaint, I conclude Defendants are entitled to summary judgment as the complaint is consistent with the Court's order granting Defendants relief from the stay. The prayer seeks reformation of the real estate records by: voiding the mistaken cancellation; reforming the Cancellation to correctly cross-reference the correct security deed; and reinstating the security deed as a first priority secured interest against the Property (as

4

defined in the Initial Order). The prayer only seeks <u>in rem</u> relief, not <u>in personam</u> relief. For these reasons, I find Defendants are entitled to summary judgment. See <u>Banderas v. Doman (In re Banderas)</u>, 236 B.R. 841, 847 (Bankr. M.D. Fla. 1999).

It is therefore ORDERED that summary judgment is GRANTED to the Defendants on the remaining issue based upon the finding that the prayer in the state court action does not violate the automatic stay.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 9th Day of November 2011.

United States Bankruptcy Court
Southern District of Georgia

Burrows,
    Plaintiff                                                             Adv. Proc. No. 11-01018-SDB

Deutsche Bank National Trust Company as,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 113J-1         User: jpayton         Page 1 of 1         Date Rcvd: Nov 09, 2011
                         Form ID: pdf004      Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 11, 2011.
aty        +Christopher Anulewicz,   30 Ivan Allen Jr, Blvd, NW,   Suite 700,   Atlanta, GA 30308-3036
pla        +Kenneth R. Burrows,   1117 Brighton Drive,   Evans, GA 30809-8264

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 11, 2011**                                       Signature: _/s/ Joseph Speetjens_